**THOMPSON et, Plaintiffs, v. ALLEN, Admr. et, Defendants.**

Common Pleas Court, Franklin County.

No. 190925.   Decided November 8, 1954.

Miller & Miller, Columbus, for appellants.
George L. Dixon, Columbus, for appellee.

## OPINION

By BARTLETT, J.

1. No appeal bond having been filed as required by law, the Court sustains the motion of appellee, and dismisses the appeal on questions of law and fact from the Probate Court of this county.

2. Since §2101.42 R. C. (§10501-56 GC) specifically governs appeals from the Probate Court to the Common Pleas Court, the general provisions relating to appeal in §2505.03 R. C. (§12223-3 GC), affects only such cases within those general provisions as are not within the provisions of §2101.42 R. C. (§10501-56 GC.)

Consequently, the provision of §2505.23 R. C. (§12223-22 GC), allowing an appeal on questions of law and fact to stand as an appeal on questions of law in certain instances, has no application to an appeal on questions of law and fact from the Probate Court to the Court of Common Pleas.

3. The Probate Court is not a court, "inferior to the Court of Common Pleas" within the meaning of §2505.24 R. C. (§12223-23 GC); and the Common Pleas Court has no jurisdiction to hear appeals on questions of law from the Probate Court under that section. Jurisdiction to hear such appeals is vested exclusively in the Court of Appeals under §§2101.42 and 2505.27 R. C., and said §2101.42 R. C., supra, expressly provides, "For the purpose of prosecuting appeals on questions of law and questions of law and fact from the Probate Court, the Probate Court shall exercise judicial functions inferior only to the Court of Appeals and the Supreme Court."

4. Sec. 2101.42 R. C., supra (§10501-56 GC), intended to provide an appeal to the Common Pleas Court from the Probate Court on questions of law and fact, only where a "record" had not been taken, "so that a bill of exceptions or a complete record may be prepared" as provided by law in Courts of Common Pleas. It is apparent such purpose of this statute cannot be accomplished by retaining the case as an appeal on questions of law, since a bill of exceptions cannot be prepared in the absence of a hearing on the facts, etc.

This matter is before the court on a motion by the appellee as administrator of the estate of Ollie Rader Broce, deceased, to dismiss the appeal filed in this Court, on questions of law and fact on two orders of the Probate Court of this county. These orders were made upon complaint of said administrator of concealment of assets of said estate by the appellants; and said Probate Court first ordered certain assets returned to said administrator within ten days, and upon failure to comply therewith said Court then fixed the value of the assets at $500.00, and made a finding in favor of said administrator in that sum against the appellants with a ten per cent penalty and costs.

Said appeal to this Court is based on the fact that no record was taken in the Probate Court and requests a trial De Novo. The orders of the Probate Court appealed from were entered on the 20th of September, 1954, and as of the 11th day of June, 1954, by a nunc pro tunc order filed August 3, 1954.

The motion to dismiss the appeal is based upon the fact that no appeal bond was filed within the time required by §2505.06 R. C., and

that said attempted appeal was not perfected within twenty days after the filing of said orders as required by §2505.07 R. C.

Counsel for appellants concede that the no appeal bond was filed as required by law, and that consequently the appeal on questions of law and fact must be dismissed; but insist that such appeal shall stand for hearing on appeal on questions of law.

Sec. 2505.06 R. C., provides

"No appeal shall be effective as an appeal upon questions of law and fact until the order, judgment or decree appealed from is superseded by a bond in the amount and with the conditions provided in §§2505.09 and 2505.14 R. C., and unless such bond is filed at the time the notice of appeal is required to be filed."

Sec. 2505.04 R. C., provides,

"An appeal is perfected when written notice of appeal is filed with the lower court";
and §2505.07 R. C. requires:

appeals "from probate courts to courts of common pleas, shall be perfected within twenty days."

"1. When an appeal is taken on questions of law and fact, but no appeal bond is given as required by §12223-6 GC (now §2505.06 R. C.), the appeal is ineffective as an appeal on questions of law and fact, but stands for hearing as an appeal on questions of law.

"2. When an appeal on questions of law and fact is ineffective and the case is retained as an appeal on questions of law, and no bill of exceptions has been filed, the reviewing court is required under the provisions of §11564 GC (§2321.05 R. C.), to fix a time for the preparation and settlement of a bill of exceptions, which shall not exceed 30 days."

Enox v. Enox, 83 Oh Ap 138, Court of Appeals, 2nd District; Kohler v. Sears, Roebuck and Co., 84 Oh Ap 98; Realty Co. v. City of Cleveland, 140 Oh St 432.

Sec. 2505.23 R. C., provides:

"Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to re-try the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

Counsel for appellants plant their right to an appeal on questions of law, on this provision of the law, notwithstanding that it be conceded that appellants are not permitted to re-try the facts due to their failure to file their appeal bond within the time required by law.

Sec. 2505.24 R. C., provides:

"A judgment rendered or final order made by a justice of the peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the court of common pleas, may be reversed, vacated, or modified by the court of common pleas upon an appeal on questions of law." (Emphasis ours.)

Sec. 2505.27 R. C., provides:

"A judgment rendered or final order made by a court of common pleas, a probate court, or by any other court of record, or by a judge

of any of such courts, may be reversed, vacated, or modified for errors appearing on the record, upon an appeal on questions of law, by the court of appeals having jurisdiction in the county wherein such court of record is located."

Sec. 2505.03 R. C., provides:

"Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as provided in §§2505.04 to 2505.45, inclusive, R. C., unless otherwise provided by law, except that appeals from judgments of justices of the peace upon questions of law and fact shall be taken as provided in §§1921.01 to 1921.16, inclusive, R. C." (Emphasis ours.)

Sec. 2101.42 R. C., provides:

"An appeal on a question of law and fact may be taken to the court of Appeals in all cases in which such court has appellate jurisdiction. Such appeal may be taken from any order, decision, or judgment of the probate court, by a person against whom it is made or whom it affects, in the manner and within the time provided for the prosecution of such appeals from the court of common pleas to the court of appeals. The cause appealed shall be tried and decided in the court of appeals as provided in §§2505.01 to 2505.45, inclusive, R. C.

"From any final order, judgment, or decree of the probate court, an appeal on a question of law may be prosecuted to the court of appeals in the manner and within the time provided for the prosecution of such appeals from the court of common pleas to the court of appeals. For the purpose of prosecuting appeals on questions of law and questions of law and fact from the probate court, the probate court shall exercise judicial functions inferior only to the court of appeals and the Supreme Court. If a record has not been taken at the hearing of any matter before the probate court so that a bill of exceptions may be prepared as provided by §§2321.02 to 2321.16, inclusive, R. C., then an appeal on questions of law and fact may be taken to the court of common pleas from any order, decision, or judgment of the probate court, by a person against whom it is made or whom it affects, in the manner provided for the prosecution of such appeal from the court of common pleas to the court of appeals. The court of common pleas shall advance said matter for hearing."

Sec. 2101.42 R. C. (§10501-56 GC),—it will be seen provides for an appeal on a question of law and fact from the Probate Court to the Court of Appeals, as well as solely on a question of law. It then includes the following provision:

"If a record has not been taken at the hearing of any matter before the probate court so that a bill of exceptions may be prepared as provided by §§2321.02 to 2321.16, inclusive, R. C., then an appeal on questions of law and fact may be taken to the court of common pleas from any order, decision, or judgment of the probate court, by a person against whom it is made or whom it affects, in the manner provided for the prosecution of such appeal from the court of common pleas to the court of appeals."

In other words, §2101.42 R. C. (§10501-56 GC), "intended to provide

an appeal to the Common Pleas Court, only where a 'record' had not been taken 'so that a bill of exceptions or a complete record may be prepared as provided by law in Courts of Common Pleas.' " **Steward v. Belt, et al., 152 Oh St 399, 401; In re estate of Schneider, 81 Oh Ap 233.** It is apparent that such purpose of this statute would not be accomplished by retaining the case as an appeal on questions of law, since a bill of exceptions cannot be prepared in the absence of a hearing on the facts, and finally, if the case be retained as such an appeal on questions of law, the reviewing court is required under the provisions of §2321.05 R. C. (§11564 GC), to grant time to appellant within which to prepare and settle a bill of exceptions and file assignments of error. Kohler v. Sears, Roebuck and Co., and Enos v. Enos, supra. Of course, this mandatory requirement could not be complied with in the instant case because no record had been taken in the Probate Court.

"1. Sec. 10501-56 GC (118 Ohio Laws, 78) (§2101.42 R. C.), relating specifically to appeals from the Probate Court, is operative as to appeals from that court, and the general provisions relating to appeal in §12223-3 GC (118 Ohio Laws, 79) (§2505.24 R. C.), affect only such cases within those general provisions as are not within the provisions of §10501-56 GC (now §2101.42 R. C.)." (Emphasis ours.)

**In re Estate of Hamilton, 67 Oh Ap 242.**

"1. The Probate Court not being a court 'inferior to the Court of Common Pleas' within the meaning of §12223-23 GC (§2505.24 R. C.) the Common Pleas Court has no jurisdiction to hear appeals on questions of law from the Probate Court under that section. Jurisdiction to hear such appeals is vested exclusively in the Court of Appeals under §12223-27 GC (§2505.27 R. C.)."

"* * *

"3. Since by virtue of §12223-3 GC (§2505.03 R. C.) appeals from the Probate Court to the Common Pleas Court on questions of law and fact are governed by §§10501-56 to 10501-61, inclusive, GC (§2101.42 R. C. etc.), the provisions of §12223-22 GC (§2505.23 R. C.) allowing an appeal on questions of law and fact to stand as an appeal on questions of law in certain instances, has no application to an appeal on questions of law and fact from the Probate Court to the Court of Common Pleas."

**Carl, Gdn. v. Schneider, 61 Oh Ap 147, Syl. 1 and 3.**

"Even before passage of present §2101.42 R. C. (§10501-56 GC), but after the effective date of §2505.24 R. C. (§12223-23 GC), which replaced former §12241 GC, it was held that review on questions of law by the Common Pleas Court of judgments or final orders of the Probate Court had been abolished and that jurisdiction to reverse, modify, or affirm such probate judgments and orders had been vested in the Court of Appeals. And under the present form of §2101.42 R. C. (§10501-56 GC), there is no provision for an appeal on questions of law from the Probate Court to the Common Pleas Court.

2 O. Jur. 2d, Appellate Review, Sec. 16, p. 578.

The Court is, therefore, constrained to and does sustain the motion to dismiss the appeal for all purposes. Entry accordingly with exceptions by counsel for appellant.